UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00142-LLK

KELLY R. ADAMS                                                                                               PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 13 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 11.)

The Administrative Law Judge (ALJ) found, among other things, that Plaintiff's degenerative disc disease does not satisfy the clinical criteria of Listing 1.04 of Appendix 1 of the regulations and that Plaintiff retains the ability to perform a significant number of jobs in the national economy. (Administrative Record (AR) at 18, 26.) Plaintiff argues that these findings were not supported by substantial evidence in the administrative record. (Docket # 13.)

Because Plaintiff's arguments are not persuasive and the ALJ's decision was supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff has not alleged sufficient facts to prove her degenerative disc disease satisfies Listing 1.04.**

Listing 1.04 provides that the following medical impairments are per-se disabling:

1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Listing 1.04, regulations, Appendix 1.

The ALJ found that there is a lack of evidence that Plaintiff's degenerative disc disease satisfies Listing 1.04:

[T]he medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under Listing 1.04, Disorders of the Spine. Moreover, there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively, as defined in 1.00(B)(2)(b).

(AR at 18.) In other words, the ALJ found that Plaintiff does not satisfy Listing 1.04A due to a lack of evidence of nerve root compression; she does not satisfy Listing 1.04B due to lack of evidence of spinal arachnoiditis; and she does not satisfy Listing 1.04C due to lack of evidence of lumbar spinal stenosis and/or inability to ambulate effectively.

Plaintiff's first argument is that the ALJ's finding that her degenerative disc disease does not satisfy Listing 1.04 is not supported by substantial evidence. (Docket # 13 at 2.) Plaintiff carries the burden of proving that her degenerative disc disease satisfies the Listing. *Smith-Johnson v. Comm'r*, 579 F. App'x 426, 432 (6th Cir. 2014). To satisfy this burden, she must "point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of the [L]isting." *Id.* Plaintiff's argument is

unpersuasive because she has neither alleged nor shown that she suffers from nerve root compression, spinal arachnoiditis, lumbar spinal stenosis, or inability to ambulate effectively.[1]

**The ALJ's finding that Plaintiff can perform a significant number of jobs in the national economy is supported by substantial evidence.**

The ALJ found that Plaintiff can perform a significant number of jobs in the national economy based on acceptance of testimony from a vocational expert (VE), which contemplated, among other things, "working mostly alone, not in teams, having casual contact with supervisors or coworkers, no public." (AR at 67.) Plaintiff argues that substantial evidence does not support this finding due to a discrepancy between the vocational testimony and the ALJ's residual functional capacity (RFC) finding, which found, among other things, that Plaintiff would need a job working mostly alone, with only "casual, **occasional** *(emphasis added)* contact with coworkers and supervisors." (AR at 20.)

A VE's response to a hypothetical question may serve as substantial evidence supporting an ALJ's decision only "if the question accurately portrays [the claimant's] individual physical and mental impairments." *Ealy v. Comm'r*, 594 F.3d 504, 513 (6th Cir. 2010) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). Any error or omission in this case (concerning a need for only "occasional" contact with coworkers) was cured and rendered harmless by the subsequent exchange between the ALJ and the VE:

> *ALJ:* So if we add **occasional** *(emphasis added)* contact with those workers as earlier …, we [i.e., Plaintiff] could still do those jobs that you've identified?
>
> *VE:* Yes.

(AR at 69.)

---

[1] Plaintiff's suggests that she **may** suffer from nerve root compression but does not point to specific supporting evidence: "The inability to ambulate effectively consideration only applies to Listing 1.04C for lumbar stenosis resulting in pseudo-claudication. It is, however, not a consideration for supporting that a claimant does not meet the criteria of Listing 1.04A for evidence of nerve root compression which is the more to the Plaintiff's claim." (Docket # 13 at 2.) The Court agrees with the Commissioner that, due to lack of specific allegations, Plaintiff has waived further consideration of her Listing 1.04 argument. (Docket # 19 at 9.)

**ORDER**

Because Plaintiff's arguments are not persuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

October 30, 2019

**Lanny King, Magistrate Judge**
**United States District Court**